NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CAMARE M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, T.M., T.M., *Appellees*.

No. 1 CA-JV 21-0279
FILED 3-8-2022

Appeal from the Superior Court in Maricopa County
No. JD40956
The Honorable Lori Bustamante, Judge

**VACATED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Paul J. McMurdie and Judge Angela K. Paton joined.

---

**G A S S**, Vice Chief Judge:

¶1 Mother challenges the superior court's order finding her children dependent. Because reasonable evidence did not support the dependency finding, we vacate and remand for the superior court to dismiss the case.

## FACTUAL AND PROCEDURAL HISTORY

¶2 This court views the evidence and reasonable inferences to be drawn from it in the light most favorable to affirming the superior court's decision. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002).

¶3 Mother is the biological parent of an eight-year-old child and a five-year-old child. In April 2021, mother and her children moved to Arizona so mother could enroll in nursing school. While looking for permanent housing in Arizona, the family moved back and forth between a Home2 Hotel and Suites and a furnished Airbnb.

¶4 In June, mother attended a party at her cousin's home, leaving her children alone at their hotel residence. At some point, the children sought help from an employee at the front desk. Presented with two unattended children, the employee called the police. Mother had not yet returned when Department of Child Safety (DCS) investigators arrived. The investigators found marijuana edibles within reach of the children in the hotel room. DCS removed the children and placed them in a licensed foster home. As part of its investigation, DCS discovered mother had left the children alone before, and her eldest child ingested a marijuana edible on one prior occasion.

¶5 DCS filed a dependency petition, alleging mother neglected her children. The superior court held a preliminary hearing at which it issued a preliminary protective order continuing temporary custody, providing mother with supervised visits, and recommending parent-aide services, a substance-abuse assessment, and drug testing.

¶6        After a contested dependency hearing, the superior court found the children dependent. Mother timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and 12-2101.A.1.

**ANALYSIS**

¶7        Mother argues "reasonable evidence did not support the [superior] court's order finding the children dependent." We agree.

¶8        A dependent child includes a child "whose home is unfit by reason of abuse, neglect, cruelty or depravity by a parent." A.R.S. § 8-201(15)(a)(iii). Neglect is the "inability or unwillingness of a parent . . . to provide that child with supervision, food, clothing, shelter or medical care if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare." A.R.S. § 8-201(25)(a).

¶9        The superior court "must determine whether a child is dependent based upon the circumstances existing at the time of the adjudication hearing." *Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 12 (App. 2016); *see also Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 300, ¶ 35 (App. 2020). But the court may also consider prior events if they pose a "substantiated and unresolved threat" to the child. *Shella H.*, at 51, ¶ 16. For instance, this court will affirm a dependency finding when a parent denies responsibility for past abuse and neglect because it suggests the parent is not "presently willing to or capable of exercising proper and effective parental care and control." *Pima Cnty. Juv. Dependency Action No. 96290*, 162 Ariz. 601, 604 (App. 1990).

¶10       This court reviews a dependency finding for abuse of discretion and will affirm the order unless no reasonable evidence supports the factual findings upon which it is based. *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 488, ¶ 12 (App. 2015).

¶11       Here, the superior court found the children dependent because:

> Mother ha[d] neglected to provide a safe and stable home environment and proper supervision. . . . [M]other left the children, who were 8 and 5 years' old, in a hotel room for approximately six hours. Mother's marijuana edibles were within reach of the children. The child . . . previously had ingested marijuana edibles, yet mother did not seek any medical treatment for the child and the mother again left

marijuana edibles within reach of the children. [The child] also indicated that this was not the first time that they were left alone. Mother continues to minimize the seriousness and gravity of the situation of leaving the children home alone for an extended period of time.

For the most part, the superior court's factual findings related to past events, not mother's present situation or her current fitness as a parent. Mother did leave her children alone for six hours with marijuana edibles within their reach. The evidence also supported the superior court's finding mother had left the children alone before, and her eldest child had previously ingested a marijuana edible on one occasion. But the only factual finding relating to mother's unfitness at the time of the hearing was she "continue[d] to minimize the seriousness and gravity of the situation."

¶12　　　　The record does not support the superior court's finding mother "continue[d] to minimize the seriousness and gravity of the situation." Though this court typically "will not second-guess the court's assessment" of witness credibility, when a credibility determination serves as the basis for a dependency, it must be supported by reasonable evidence. *See Shella H.*, 239 Ariz. at 50, ¶ 15. Here, the superior court did not explain why it believed mother was continuing to minimize the situation.

¶13　　　　Mother's case specialist identified three ongoing concerns: mother should (1) understand the safety issues involved in leaving her children alone, (2) lock substances in a safe place out of the children's reach, and (3) complete a substance-abuse assessment. The record shows mother alleviated those concerns. After missing the first six tests and once testing positive for marijuana, mother submitted clean urinalysis testing and DCS eventually stopped requiring further testing. She completed a substance abuse assessment with TERROS and no treatment was recommended. She also participated in supervised visitation with her children, and her case specialist testified their relationship was appropriate. Because DCS had a long waiting list, it failed to provide mother with any parenting services before the hearing.

¶14　　　　Mother planned to use her cousin to supervise the children on weekends and when mother was working. DCS approved mother's cousin as a safety monitor. Mother also recommended paternal aunt as a safety monitor, but DCS had not yet completed a background check on her. At the time of the hearing, mother had stopped using marijuana but nevertheless had procured a lockbox in which to put her medicine and to ensure she had a safe place to keep certain items away from her children. Mother was also

employed as a licensed nursing assistant and had enrolled in nursing school at Carrington College to further her career.

**¶15** Finally, mother had recently moved to Arizona and was seeking permanent housing while temporarily residing at Home2 Hotels and Suites. By the time of the hearing, mother had obtained a permanent residence. To be sure, DCS had not yet approved mother's new residence because the visit was postponed while mother awaited the delivery of her children's beds. But a temporary lack of beds does not render a parent unfit. Further, DCS did not foresee any issues with mother's housing and expected to move the children into her custody in short order.

**¶16** In short, by the time of the dependency hearing, mother had a job, a residence, a lockbox, multiple childcare supervisors, and she had stopped using marijuana and successfully participated in every service DCS provided. No one testified mother failed to take her past actions seriously, and all her actions showed the opposite to be true. Accordingly, the past events did not present an "unresolved threat" to the children, and they did not show mother was not "presently willing to or capable of exercising proper and effective parental care and control." *See Shella H.*, 239 Ariz. at 50, ¶ 16 (quoting *96290*, 162 Ariz. at 604). No reasonable evidence of mother's fitness at the hearing supports a dependency finding. *See Louis C.*, 237 Ariz. at 488, ¶ 12 (this court will reverse if no reasonable evidence supports a dependency finding).

## CONCLUSION

**¶17** We vacate the superior court's dependency finding and order the superior court to dismiss this matter on remand.

